GERALD L. SAUER (State Bar No. 113564)
GREGORY P. BARCHIE (State Bar No. 235022)
SAUER & WAGNER LLP
1801 Century Park East, Suite 1150
Los Angeles, California 90067
Tel: (310) 712-8100  Fax: (310) 712-8108
Email: gsauer@swattys.com; gbarchie@swattys.com

Attorneys for Defendants THE COLORS YOU LIKE, LLC
and CINCO SPIRITS GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAIS GANOUNA and FRANK & ANAIS, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE COLORS YOU LIKE, LLC and CINCO SPIRITS GROUP, LLC, d/b/a CINCORO,<br><br>　　　　　Defendants. | Case No. 2:20-cv-04070-PSG-GJS<br><br>**DEFENDANT THE COLORS YOU LIKE, LLC'S MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL *RULE OF CIVIL PROCEDURE* 12(b)(6)**<br><br>**[*Declaration of Gregory P. Barchie filed concurrently*]**<br><br>Date:　　　　October 19, 2020<br>Time:　　　　1:30 p.m.<br>Courtroom:　　6A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2020, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 6A of the above-entitled Court, located at First Street Courthouse, 350 West First Street, Sixth Floor, Los Angeles, California 90012, Hon. Philip S. Gutierrez presiding, Defendant The Colors You Like, LLC will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing the second cause of action for fraud of Plaintiffs' First Amended Complaint.  Specifically, The Colors You Like, LLC argues that this cause of action fails to state a cause of action upon which relief can be granted and should be dismissed because (1) the representations at issue are predictions of future work and events by third parties and are not actionable as fraud, and (2) Plaintiffs did not actually or justifiably rely on the representations at issue.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 15, 2020, July 3, 2020, and July 24, 2020. [Declaration of Gregory P. Barchie, at ¶¶ 2-5.]  The Motion will be based upon this Notice and the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Gregory P. Barchie, the pleadings and other matters on file in this action, and upon such further evidence and argument as may be presented at the time of hearing.


DATED: August 4, 2020          **SAUER AND WAGNER LLP**


By: _____*/s/ Gerald L. Sauer*_____
          Gerald L. Sauer
          Gregory P. Barchie
     Attorneys for Defendants
     THE COLORS YOU LIKE LLC and
     CINCO SPIRITS GROUP LLC

1

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.   STATEMENT OF FACTS .................................................................... 3

    A.    Plaintiffs Have Stipulated that The Second, Third, and Fourth Causes of Action Will Be Dismissed. ........................................................ 3

    B.    Plaintiffs Agree to Dismiss the State Claims of the Complaint. ............. 4

    C.    Plaintiffs File the FAC, Which Alleges TCYL Fraudulently Induced Ganouna to Reduce Her Day Rate. ...................................................... 5

III.  ARGUMENT .................................................................................... 7

    A.    TCYL's Statements of Future Work and Recognition Do Not Constitute Actionable Misrepresentations. ................................................ 7

    B.    Plaintiffs Did Not Actually Rely on TCYL's Alleged Statements. ......... 9

    C.    Plaintiffs Did Not Justifiably Rely on Anything TCYL Allegedly Said or Concealed. ........................................................................... 11

    D.    Leave to Amend Should be Denied. .................................................. 11

IV.   CONCLUSION ............................................................................... 12

i

# TABLE OF AUTHORITIES

**Cases**

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*,
744 F.3d 595, 600 (9th Cir. 2014) ................................................................. 12

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ............................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007) ............................................................................... 7

*Borba* v. *Thomas*,
70 Cal.App.3d 144, 152 (1977) ........................................................... 1, 7, 8, 11

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
824 F.3d 1156, 1159 (9th Cir. 2016) ............................................................ 7

*Camp v. Jeffer, Mangels, Butler & Marmaro*,
35 Cal.App.4th 620, 630-631 (1995) ........................................................... 11

*Cansino v. Bank of America*,
224 Cal.App.4th 1462, 1469 (2014) ............................................................. 7

*Eddy v. Sharp*,
199 Cal.App.3d 858, 864 (1988) .................................................................. 9

ii

*Engalla v. Permanente Med. Group*,
  15 Cal.4th 951, 976-977 (1997) ....................................................... 10

*Hamilton v. Greenwich Investors XXVI, LLC*,
  195 Cal.App.4th 1602, 1615 (2011) .................................................. 9

*Knerr v. Baruch Corp.*,
  47 Cal.App.2d 601, 604 (1941) ........................................................ 11

*Odorizzi v. Bloomfield School Dist.*,
  246 Cal.App.2d 123, 129 (1966) ...................................................... 8

*Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*,
  268 F.3d 1133, 1137-1138 (2001) .................................................... 12

*Stagen v. Stewart-West Coast Title Company*,
  149 Cal.App.3d 114, 119-120 (1993) ................................................ 9

*Thompson v. Cannon*,
  224 Cal.App.3d 1413, 1417 (1990) ................................................... 8

**Statutes**

California *Business & Professions Code* § 17200 ..................................... 4

California Code of Civil Procedure § 1710(1) ......................................... 7

iii

California Code of Civil Procedure § 1710(3) ............................................................. 9

Federal *Rules of Civil Procedure*, Rule 12(b)(6) ............................................... 1, 7, 12

TABLE OF AUTHORITIES
Case No. 2:20-cv-04070-PSG-GJS

# I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to Federal *Rules of Civil Procedure*, Rule 12(b)(6) ("Rule 12(b)(6)"), Defendant The Colors You Like, LLC ("TCYL") hereby moves this Court to dismiss Plaintiffs Anaïs Ganouna's ("Ganouna") and Frank and Anaïs LLC's ("Frank and Anaïs") (collectively, "Plaintiffs") second cause of action for fraud for failure to state a claim upon which relief can be granted.

This action arises from a copyright dispute.  The First Amended Complaint ("FAC") alleges that TCYL and Defendant Cinco Spirits Group LLC d/b/a Cincoro ("Cincoro") (TCYL and Cincoro are hereby collectively referred to as "Defendants") infringed on Plaintiffs' copyrights in photographs used in the advertising and promotion of Cincoro brand tequila.  Defendants deny that they infringed on Plaintiffs' photographs.  A side-by-side comparison of Plaintiffs' copyrighted photographs and the supposed misappropriated works are attached to the FAC.  [FAC, Exs. A-C.]  Even an untrained eye would notice that the composition, perspective, and depth of field of Plaintiffs' photographs and images used to promote Cincoro tequila are different, thereby indicating that no copyright infringement exists.

However, Plaintiffs have asserted an extraneous cause of action for fraud that is improperly pleaded and asserted.  The FAC alleges that Plaintiffs were induced to reduce the day rate of the photographer, Ganouna, from $1,900 to $1,000 by false representations by TCYL that the photoshoot could lead to future work with Cincoro and greater recognition for Plaintiffs.  However, this cause of action should be dismissed for the following reasons:

- It is well established that predictions of future events are too uncertain and unreliable to constitute actionable fraud.  *Borba* v. *Thomas,* 70 Cal.App.3d 144, 152 (1977).  The FAC does not allege that TCYL held itself out to be specially qualified to opine on the future actions of Cincoro or others that may employ Plaintiffs in the future.  The FAC does not allege that

1

TCYL held itself out as specially qualified in these matters, that TCYL was a fiduciary or other trusted person acting in Plaintiffs' best interests, or that TCYL represented its predictions as an existing fact.

- The allegations of the FAC show that Plaintiffs did not actually or justifiably rely on TCYL's representations.  Plaintiffs admit in the FAC that future work and recognition that may result from the photoshoot was dependent on variables that TCYL could not control, including the quality of Ganouna's photographs.  Indeed, Plaintiffs knew at the time they were hired that Cincoro had already rejected the work of a prior photographer.

- While the FAC claims that TCYL failed to conceal that the discounted day rate would be accompanied by a "full buyout" of Ganouna's photographs, the FAC also makes clear that this non-disclosure did not induce Plaintiffs to do anything.  Indeed, the FAC repeatedly states that no agreement regarding the licensing/usage of their photographs was entered into or existed.  In fact, this is the basis of Plaintiffs' copyright claim, and has nothing to do with Plaintiffs' decision to reduce the day rate for Ganouna's services as a photographer.

- The circumstances alleged in the FAC also show that Plaintiffs voluntarily agreed to discount the day rate and were not induced to do so by TCYL.  In fact, Plaintiffs expressly stated in the original Complaint that Ganouna agreed to reduce her rate to $1,000 as a "favor" and "because of an indication of future work with TCYL."  [Complaint, at ¶ 18.]  Plaintiffs later struck these allegations after learning that Defendants intended to move to dismiss the fraud claim as it was originally pleaded.  Nonetheless, the FAC makes clear that Plaintiffs acted in their own self-interests and reduced the day rate on their own in order to secure the opportunity to work for Cincoro.

///

///

MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
Case No. 2:20-cv-04070-PSG-GJS

Based on the foregoing, among other reasons, TCYL respectfully requests that the Court grant this motion and dismiss the FAC's second cause of action for fraud for failure to state a claim on which relief may be granted.

## II.   STATEMENT OF FACTS

### A.   Plaintiffs Have Stipulated that The Second, Third, and Fourth Causes of Action Will Be Dismissed.

In the original complaint, Plaintiffs alleged that Ganouna was a photographer hired by Defendants in June 2019 in connection with the launch of Cincoro's brand tequila. [Complaint, at ¶¶ 2, 17.] The production company, TCYL, wanted Ganouna to travel to Mexico to take photographs of the agave fields and plants, the tequila production process, and the tequila bottles and barrels, among other things, to promote Cincoro's tequila. [*Id.*] TCYL informed Plaintiffs that Ganouna was being hired specifically to replace another photographer whose images did not satisfy Cincoro. [*Id.*, at ¶ 17.]

While Ganouna's standard day rate was $1,900, the Complaint admitted that she agreed to reduce her rate to $1,000 as a "favor" and "because of an indication of future work with TCYL." [Complaint, at ¶ 18.] The Complaint also stated that the issue of licensing and usage of Ganouna's images was not negotiated before the photoshoot because this was "typically negotiated separate from a photographer's day rate (which compensates the photographer for time and labor)." [*Id.*, at ¶ 19.] Plaintiffs also stated in the Complaint that they "understood that because Cincoro was unhappy with the previous photographer's work, it would have to review and approve Ms. Ganouna's photographs before deciding on and negotiating its scope of usage." [*Id.*]

The photoshoot occurred over five days, from June 24-28, 2019. [Complaint, at ¶¶ 19, 21.] On the last day of the trip and into July 2019, the Complaint alleged that a dispute arose between Ganouna and TCYL regarding the use of the photographs. [*Id.*, at ¶¶ 21-32.] According to the Complaint, TCYL allegedly

3

believed that the day rate paid to Ganouna would cover a "full buyout" of the photographs. [*Id.*, at ¶ 21.] After Ganouna told TCYL that no such agreement existed, TCYL stated on July 3, 2019 and July 22, 2019 that the photographs taken by Ganouna would not be used. [*Id.*, at ¶¶ 22, 30.] TCYL told Ganouna that stills from video taken by someone other than Ganouna, or photographs taken by a subsequent photographer, would be used instead. [*Id.*, at ¶¶ 27, 30.]

On July 26, 2019, Defendants paid Ganouna pursuant to her agreed day rate. [Complaint, at ¶ 32.] The Complaint alleged that Ganouna was not paid anything for the licensing/usage of her photographs. [*Id.*]

The Complaint alleges that in September 2019, Ganouna discovered that Cincoro was using her photographs without her authorization on its website, social media accounts, paid advertising, *etc*. to promote its tequila. [Complaint, at ¶¶ 33-36.]

On May 5, 2020, Plaintiffs filed their original complaint that asserted causes of action for copyright infringement, fraud, civil conspiracy, and unfair competition under California *Business & Professions Code* § 17200 arising from Defendants' purported misuse of Ganouna's photographs. The first three causes of action for copyright infringement, fraud, and civil conspiracy were asserted by Ganouna only, and the fourth cause of action for unfair competition was asserted by both Ganouna and Frank & Anaïs.

### B.      Plaintiffs Agree to Dismiss the State Claims of the Complaint.

On June 9, 2020, Defendants' counsel sent an email to Plaintiffs' counsel contending that the state claims asserted as the second, third, and fourth causes of action of the Complaint should be dismissed because they were preempted by the Copyright Act. [Declaration of Gregory P. Barchie ("Barchie Decl."), Ex. 1.]

The parties' counsel telephonically met and conferred pursuant to Local Rule 7-3 on June 15, 2020. [Barchie Decl., at ¶ 3.] On July 3, 2020, the parties' counsel telephonically met and conferred again, during which Plaintiffs' counsel agreed to

amend the Complaint and dismiss the second, third, and fourth causes of action. [*Id.*]  Plaintiffs' counsel stated that Plaintiffs intended to add a new cause of action to the amended complaint.  [*Id.*]  Plaintiffs' counsel would not disclose the nature of the new cause of action except to state that it would be distinct from the copyright claim.  [*Id.*]

### C.    Plaintiffs File the FAC, Which Alleges TCYL Fraudulently Induced Ganouna to Reduce Her Day Rate.

Pursuant to a stipulation filed with the Court, Plaintiffs filed the FAC on July 17, 2020.  Plaintiffs continued to assert a claim for copyright infringement as the primary cause of action.  Plaintiffs also dismissed the third and fourth causes of action for civil conspiracy and unfair competition.

Despite Plaintiffs' agreement to dismiss the state claims, the FAC continued to assert a cause of action for common law fraud against TCYL.

The amended fraud claim arose from Ganouna's agreement to discount her day rate from $1,900 to $1,000.  The FAC alleged that Plaintiffs were induced by TCYL to provide photography services for a less-than-market rate based on the following statements:

- During the weeks of June 10 and June 17, 2019, TCYL told Ganouna she should agree to a discounted day rate "because this project would be the start of a future relationship, Plaintiffs would get additional work with Cincoro, and Ms. Ganouna would gain recognition for her work from the use of her images by such a high-profile client."

- On July 3, 2019, TCYL told Ganouna, "[d]on't bother sending the photos, I don't want them.  I'll send another photographer down to pick up shots…"

- On July 22, 2019, TCYL stated "we decided to make no use whatsoever of your photographs.  Additionally, both the client and I found

///

1   your photos to be beyond inadequate and of inferior quality.  This project has

2   been assigned to a new photographer for re-shoots."

3   [FAC, at ¶ 55a-c.]

4   According to the FAC, the purpose of the foregoing representations was to

5   induce Ganouna to agree to a "full buyout" of her photographs for the price of her

6   discounted day rate.  [FAC, at ¶¶ 22, 55a, 56.]  The FAC alleged that "[a] $1000

7   day rate is nowhere near a reasonable amount for a *full buyout* of images from a

8   photographer of Ms. Ganouna's caliber.  A more reasonable day rate under the

9   circumstances would have been 50x that (or $50,000/day")."  [*Id.*, at ¶ 22 (emphasis

10  in original).]

11  However, these allegations were inconsistent with the original Complaint.

12  The Complaint alleged that Ganouna was not induced to discount her day rate, but

13  that she voluntarily did so as a "favor."  [Complaint, at ¶ 18.]  The Complaint also

14  alleged that Ganouna reduced her day rate based on an "indication of future work

15  with TCYL," not future work with Cincoro as the FAC now alleged.  [*Id.*]

16  Notwithstanding these changes, the FAC continued to allege that Ganouna knew

17  that the possibility of future work with Defendants was dependent upon other

18  factors.  [FAC, at ¶ 19.]  Just like the original Complaint, the FAC alleged that

19  Ganouna "understood that because Cincoro was unhappy with the previous

20  photographer's work, it would have to review and approve Ms. Ganouna's

21  photographs before deciding on and negotiating its scope of usage."  [*Id.*]

22  Given that Ganouna agreed to discount her day rate weeks earlier, the FAC

23  did not explain how the subsequent representations of July 3, 2019 and July 22,

24  2019, induced her to enter that agreement.  The FAC also unequivocally stated

25  TCYL's alleged plan to induce Ganouna to agree to a "full buyout" failed.  The

26  FAC alleged that Ganouna "pushed back" against TCYL's claimed full buyout and

27  refused to license her photographs for less than their fair or reasonable value.  [*Id.*,

28  at ¶¶ 31, 34-38, 57.]

## III.   **ARGUMENT**

Rule 12(b)(6) allows a party to assert, by motion, a defense for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *citing, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A dismissal is proper under Rule 12(b)(6) when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

As discussed below and accepting all of Plaintiffs' allegations as true, none of the three representations on which Plaintiffs base their second cause of action for fraud provide a proper or plausible basis for relief.

### A.   **TCYL's Statements of Future Work and Recognition Do Not Constitute Actionable Misrepresentations.**

A misrepresentation must be an affirmation of fact of past or existing events.  Cal. Civ. Code § 1710(1); *Borba, supra,* 70 Cal.App.3d 144, 152 (1977); *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014).  However, "[p]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and are not actionable fraud."  *Id.*

The FAC alleges that TCYL made nonactionable predictions regarding Plaintiffs' future relationship with Cincoro, and the recognition Plaintiffs may enjoy from working for Cincoro.  [FAC, at ¶ 55a.]  These statements refer only to possible results from the photoshoot for which Plaintiffs were hired.  TCYL cannot reasonably control that those results will actually occur.  The FAC admits that these predicted results were not guaranteed.  Plaintiffs admit that they were hired to replace a photographer whose work did not satisfy Cincoro, and that they understood that Cincoro may choose not to use Ganouna's photographs.  While

7

Plaintiffs allege that Ganouna's photographs were "excellent" and "high quality," this is just an opinion.  [FAC, at ¶ 33.]  At the time Ganouna agreed to reduce her day rate, Plaintiffs did not believe that Cincoro or others that may hire them in the future would necessarily share that opinion.

There are three exceptions to the general rule that predictions and opinions are not actionable fraud: (1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion.  *Borba*, *supra*, 70 Cal.App.3d at 152.  Neither of these exceptions apply to the facts alleged by the FAC.

There is no allegation that TCYL was specially qualified to opine on whether Plaintiffs' work would satisfy Cincoro or other possible clients.  The FAC confirms that neither party had worked together before.  There is no allegation that TCYL had, or offered, expertise on how to impress Cincoro.  Plaintiffs also admittedly understood that Cincoro could be as unhappy with their work as it had been with the prior photographer.

There is no allegation that Plaintiffs and TCYL were in a fiduciary relationship.  California law holds that contractual arm's length relationships do not give rise to fiduciary duties.  *Borba*, *supra*, 70 Cal.App.3d at 152; *Odorizzi v. Bloomfield School Dist.,* 246 Cal.App.2d 123, 129 (1966); *Thompson v. Cannon*, 224 Cal.App.3d 1413, 1417 (1990).  That is the only relationship between the Plaintiffs and TCYL that is alleged.

There is no allegation that TCYL represented its positions as existing facts or implied facts that misled Plaintiffs into believing the truth of its opinion.  The FAC admits that the photoshoot was just the start of a possible relationship between Plaintiffs and Cincoro.  The FAC does not allege that TCYL guaranteed that Cincoro would hire Plaintiffs again or that the photoshoot would enhance Plaintiffs'

8

professional reputation.  Indeed, these results are dependent on the whims of others, and not of TCYL.  Again, the FAC confirms that TCYL hired Plaintiffs for just one job, and Plaintiffs understood ahead of time that Ganouna's photographs may not be used.

Plaintiffs also allege that TCYL fraudulently concealed their belief that the agreement of a discounted day rate included a "full buyout" of the photographs.  However, to state a claim for fraudulent concealment, Plaintiffs were required to plead the existence of a fiduciary or other legal duty.  Civ. Code § 1710(3); *Eddy v. Sharp*, 199 Cal.App.3d 858, 864 (1988).  No such duty is or can be alleged in the FAC.  Therefore, no fiduciary duty existed in connection with the business transaction described in the FAC.

The original Complaint alleged that Plaintiffs agreed to reduce Ganouna's day rate as a favor and the "indication" of future work.  [Complaint, at ¶ 18.]  The FAC was clearly designed to evade these earlier allegations.  However, circumstances alleged in the FAC still shows that TCYL did not represent any existing facts that wrongfully induced Plaintiffs to discount Ganouna's day rate.  The FAC continues to allege that TCYL merely indicated that there may be future opportunities if Plaintiffs lowered the day rate.  Based on the foregoing, TCYL's statements of future events fail to state a claim for fraud.  Thus, this motion should be granted and the fraud claim should be dismissed.

**B.   Plaintiffs Did Not Actually Rely on TCYL's Alleged Statements.**

Plaintiffs must allege that they actually relied on the statements of TCYL.  *Stagen v. Stewart-West Coast Title Company*, 149 Cal.App.3d 114, 119-120 (1993); *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1615 (2011).  Actual reliance "occurs when a misrepresentation is an immediate cause of a plaintiff's conduct, which alters his or her legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the contract or other transaction."  *Engalla v. Permanente Med. Group*, 15

9

1   Cal.4th 951, 976-977 (1997).  Therefore, Plaintiffs must allege that TCYL's

2   representations played a substantial part in influencing their decisions.  *Id.*

3      TCYL's statements had no impact on Plaintiffs' decisions.  The FAC alleges

4   that had Plaintiffs known TCYL intended the agreement of a discounted day rate

5   would be accompanied by a "full buyout" of the photographs, Ganouna would have

6   demanded a day rate of $50,000.  [FAC, at ¶ 22.]  However, the FAC makes clear

7   that Ganouna never entered into an agreement for the "full buyout."  Thus, this

8   alleged concealment by TCYL did not alter the legal relations between the parties.

9   *See Engalla*, *supra*, 15 Cal.4th at 976-977.

10      The FAC alleges that Plaintiffs were induced to discount their day rate based

11   on representations made by TCYL on July 3, 2019 and July 22, 2019 that

12   Ganouna's photographs would not be used.  [FAC, at ¶¶ 55b, c.]  However,

13   Plaintiffs decided to discount their day rate in June 2019, weeks before these

14   representations were made.  [*Id.*, at ¶ 18.]  The later representations made in July

15   2019, even if they were untrue, had no impact on that decision.

16      Plaintiffs also allege that TCYL's representations in July 2019 were intended

17   to "string along" Ganouna in the hopes that she "would give up her rights for less

18   than [the photographs'] fair and reasonable value."  [FAC, at ¶ 31.]  Again,

19   however, Plaintiffs did not actually rely on these representations because TCYL's

20   plan failed.  The FAC alleges that Ganouna held firm and did not enter any

21   agreement regarding the license/usage of her photographs.

22      Plaintiffs do not allege that they took any other action in reliance of TCYL's

23   representations in July 2019.  While the FAC alleges that Ganouna worked over the

24   July 4th holiday to retouch her photographs for use in a presentation in Las Vegas,

25   that was done at the request of Cincoro, not TCYL.  [FAC, at ¶ 27.]  Cincoro is not

26   a party to the second cause of action for fraud.  The FAC alleges that Ganouna

27   decided, on her own, not to charge for this work in order to garner good faith with

28   ///

MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)
Case No. 2:20-cv-04070-PSG-GJS

Cincoro.  [*Id.*]  Thus, she was not induced to perform this work based on a false statement by either defendant.

Because the FAC alleges that Plaintiffs did not actually rely on TCYL's statements made in July 2019, this motion should be granted.

**C.  <u>Plaintiffs Did Not Justifiably Rely on Anything TCYL Allegedly Said or Concealed.</u>**

Plaintiffs are also required to allege that they justifiably relied to their detriment on TCYL's misrepresentations, *i.e.*, the circumstances were such to make it reasonable for them to accept TCYL's statements without an independent inquiry or investigation.  *Knerr v. Baruch Corp.*, 47 Cal.App.2d 601, 604 (1941); *Borba*, *supra*, 70 Cal.App.3d at 152.  However, in the absence of a special relationship between the parties, a private person is not entitled to rely on the opinion of another private person concerning the future actions of a third party.  *Id.*  Plaintiffs understood beforehand that their services could be terminated at any time and Ganouna's photographs may not be used as had occurred with the prior photographer.

It therefore was not justifiable for Plaintiffs to place confidence in TCYL's statement that this first opportunity to work for Cincoro could lead to future employment or greater recognition.  *See Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal.App.4th 620, 630-631 (1995).  Indeed, Plaintiffs describe themselves as highly experienced professionals in photography, digital marketing, and other brand-building services to businesses, including the spirits industry.  [FAC, at ¶¶ 9-10.]  Plaintiffs had sufficient experience to decide on their own whether to reduce their day rate without relying on the predictions of TCYL.  Because Plaintiff cannot justify their reliance, the fraud claim should be dismissed.

**D.  <u>Leave to Amend Should be Denied.</u>**

When the allegations of a complaint make clear that the plaintiff cannot state a claim, the claim is dismissed with prejudice and leave to amend is properly

11

denied.  *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137-1138 (2001).  Moreover, "[a] party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding."  *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

The original Complaint alleged that Plaintiffs agreed to discount Ganouna's day rate as a favor only.  While Plaintiffs struck that allegation in the FAC, the amended allegations show that this was still the reason why Plaintiffs reduced the day rate.  While "excited" to work for Cincoro, Plaintiffs admittedly understood that this was just the start of a relationship and that there were no guarantees of future work.  They therefore did not actually or justifiably rely on TCYL's statements regarding future opportunities and recognition that may result from working with Cincoro.

Plaintiffs have now twice shown an inability to assert valid state claims arising from their dispute with Defendants.  This case is about the alleged copyright infringement of Ganouna's photographs, and nothing more.  Thus, the second cause of action for fraud should be dismissed and leave to amend should be denied.

## IV.   **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court dismiss Plaintiffs' second cause of action of the FAC under Rule 12(b)(6) without leave to amend.

DATED: August 4, 2020              **SAUER AND WAGNER LLP**


By: _____ */s/ Gerald L. Sauer* _____
Gerald L. Sauer
Gregory P. Barchie
Attorneys for Defendants
THE COLORS YOU LIKE LLC and
CINCO SPIRITS GROUP LLC

12