UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    #19(10/19 hrg off)

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS Defendant's motion to dismiss Plaintiff's second cause of action

Before the Court is a partial motion to dismiss filed by Defendant The Colors You Like, LLC ("TCYL"). *See* Dkt. # 19 ("*Mot.*"). Plaintiffs Anais Ganouna and Frank & Anais, LLC ("Plaintiffs") opposed, *see* Dkt. # 20 ("*Opp.*"), and TCYL replied, *see* Dkt. # 21 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Defendant's partial motion to dismiss.

I.   Background

Defendant Cincoro Spirits Group, LLC, d/b/a Cincoro, commissioned Plaintiff Ganouna, a professional photographer, to take photos to be used during the launch of Cincoro's new tequila brand. *See First Amended Complaint*, Dkt. #18 ("*FAC*"), ¶¶ 1–2. Cincoro's production company, TCYL, arranged the shoot and negotiated Ganouna's pay with Ganouna and her company, Frank & Anais, LLC. *Id.* ¶ 3.

Ganouna agreed to a heavily discounted daily rate of pay—$1,000 instead of her usual $1,900—"based on promises from TCYL that this was the start of a future relationship and that [she] would receive recognition from the use of her photographs by a high-profile client." *Id.* ¶¶ 3, 18. However, the parties did not negotiate licensing or usage of the photographs ahead of time. *Id.* ¶¶ 3, 19. This was not unusual in Ganouna's experience, and she understood that such rights would be dealt with after Cincoro saw the photos and decided how it wanted to use them, especially because Cincoro hired Ganouna after being unhappy with its previous photographer's work. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

The shoot occurred over five days, from June 24 to June 28, 2019. *Id.* ¶ 18. On the last day of the shoot, Ganouna sent a text message to Torre Catalano, the founder and president of TCYL, asking to meet and discuss licensing for the photos. *Id.* ¶¶ 17, 21. Catalano responded that there had been a "full buyout" of the images, meaning that Defendants had the right to use the photos however they wanted. *Id.* ¶ 21. Until then, no one had told Ganouna that she had supposedly agreed to a discounted daily rate of pay *and* a full buyout of her images, which she estimates would have been worth roughly $50,000 per day. *Id.* ¶ 22.

On July 3, 2019, Ganouna sent another email to TCYL, informing it that there had been no agreement on licensing/usage and asking to discuss one. *Id.* ¶ 23. Catalano, on behalf of TCYL, declined. *Id.* ¶¶ 23–26. Meanwhile, Cincoro emailed Ganouna asking if she could send the images to be used in a July 8th presentation. *Id.* ¶ 27. Ganouna emailed the images to Cincoro on July 5th and informed Cincoro of the licensing dispute. *Id.* As a show of good faith, Ganouna told Cincoro that it could use the images for the purposes of its July 8th meeting only. *Id.*

However, also on July 5th, TCYL sent messages to Ganouna stating that TCYL and Cincoro would not be using any of her photos. *Id.* ¶ 28. Nonetheless, Cincoro, TCYL, and Ganouna attempted to reach a licensing agreement over the following few weeks. *Id.* ¶¶ 28–32. These negotiations failed, and TCYL again stated that Cincoro and TCYL would not be using any of Ganouna's photos. *Id.* ¶ 32. A couple months later, Ganouna discovered that Cincoro was, in fact, using her photos on its website and social media accounts without her permission. *Id.* ¶¶ 35–38.

On May 4, 2020, Plaintiffs filed suit in this Court. *See generally Complaint*, Dkt. # 1. Plaintiffs then filed the operative First Amended Complaint ("FAC") on July 17, 2020. *See generally FAC*. The FAC brings two causes of action:

> <u>First Cause of Action</u>: Copyright infringement in violation of 17 U.S.C. §§ 101 *et seq.* against Cincoro and TCYL. *FAC* ¶¶ 43–53.
>
> <u>Second Cause of Action</u>: fraud against TCYL. *Id.* ¶¶ 54–61.

TCYL now moves to dismiss the second cause of action under Federal Rule of Civil Procedure 12(b)(6). *See generally Mot.* The Court **GRANTS** TCYL's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

II.    <u>Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    <u>Discussion</u>

Plaintiffs allege that TCYL committed fraud by making the following three misrepresentations:

[1] During the weeks of June 10 and June 17, 2019, while they were discussing the terms of the photoshoot in Mexico, . . . TCYL [told] Ms. Ganouna and Frank & Anais that they should agree to a heavily discounted day rate for Ms. Ganouna's services (from $1900 to $1000) because this project would be the start of a future relationship. Plaintiffs would get additional work with Cincoro, and Ms. Ganouna would gain recognition for her work from the use of her images by such a high-profile client. This was followed by . . . TCYL stating in text messages to Ms. Ganouna at the end of the shoot, on June 28, 2019, that there had been a "full buyout" of her images.

[2] On July 3, 2019, . . . TCYL stat[ed] in text messages to Ms. Ganouna: "Don't bother sending the photos, I don't want them. I'll send another photographer down to pick up shots . . . ."

[3] On July 22, 2019, . . . TCYL stat[ed] in an email to Ms. Ganouna: "[W]e have decided to make no use whatsoever of your photographs. Additionally, both the client and I found your photos to be beyond inadequate and of inferior quality. The project has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

been assigned to a new photographer for re-shoots."

*FAC* ¶¶ 55.a–55.c.

Plaintiffs claim that "TCYL intentionally induced Plaintiffs to provide photography services for less-than-market rate with the intention of taking full ownership (a 'full buyout') of the images." *Id.* ¶ 56. Then, when Ganouna refused, TCYL "strung Ms. Ganouna along with unfair and one-sided licensing 'negotiations,' including proposing terms to which no reasonable photographer would agree," and, ultimately, "falsely told her that her photographs would not be used (when Defendants at all times intended to use her photographs)." *Id.* Plaintiffs contend that they suffered damages, including, "at a minimum, the reasonable value of Plaintiffs' services and deliverables beyond the heavily discounted day rate to which they agreed based on TCYL's misrepresentations." *Id.* ¶ 60.

TCYL argues that the Court should dismiss Plaintiffs' second cause of action because (1) its predictions about future work and recognition are not actionable, *see Mot.* 13:14–15:20, and (2) Ganouna did not justifiably rely on any of the alleged misrepresentations, *see Mot.* 15:21–17:25. The Court agrees with TCYL's second argument.

    A.    <u>Predictions of Future Work and Recognition</u>

"The elements of fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014).

"The law is well established that actionable misrepresentations must pertain to past or existing material facts," and, therefore, "[s]tatements or predictions regarding future events . . . are not actionable." *Id.* However, there are three exceptions to this general rule: "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge[,] (2) where the opinion is by a fiduciary or other trusted person," and "(3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." *Borba v. Thomas*, 70 Cal. App. 3d 144, 152 (1977).

TCYL argues that it "merely indicated that there may be future opportunities if Plaintiffs lowered the day rate" and that none of the exceptions for predictions of future events apply. *See Mot.* 14:5–15:20. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

At this stage of the proceedings, the Court accepts all of the factual allegations in the FAC as true and draws all reasonable inferences in Plaintiffs' favor. *See Turner*, 788 F.3d at 1210. Here, the FAC alleges that "TCYL [told] Ms. Ganouna this project *would be* the start of a future relationship. Plaintiffs *would get* additional work with Cincoro, and Ms. Ganouna *would gain* recognition for her work from the use of her images by such a high-profile client." *FAC* ¶ 55.a (emphases added). Therefore, TCYL did not "merely indicate" that future opportunities were "possible." *See Mot.* 15:17–18. Instead, the reasonable inference is that Plaintiffs understood that TCYL, acting as Cincoro's agent, guaranteed these benefits. *See Borba v. Thomas*, 70 Cal. App. 3d 144, 153 (1977) (noting that a statement may be regarded as an affirmation of fact, for example, "where an agent states that his principal will advance money to harvest a crop," or "where a corporation['s] agent represents that the corporation will lease certain property or locate a plant in a certain city"). Accordingly, the Court **DENIES** TCYL's motion on this ground.

B.  Justifiable Reliance

TCYL next argues that the Court should grant its motion because Plaintiffs (1) could not have relied on its statements from July when deciding whether to agree to a discounted daily rate in June, and (2) Plaintiffs could not have *justifiably* relied on *any* of its statements. *See Mot.* 15:21–17:25. The Court agrees on both grounds.

   i.  *Reliance on the July Statements*

As stated above, a plaintiff must prove that she relied on a misrepresentation to succeed on a claim for fraud. *See Cansino*, 224 Cal. App. 4th at 1469.

The Court agrees that Plaintiffs could not have relied on TCYL's July statements when deciding whether to agree to a discounted daily rate in June. *See Mot.* 16:3–17:4. Therefore, Plaintiffs' fraud claim fails to the extent that it alleges that Plaintiffs relied on TCYL's July statements in agreeing to reduce Ganouna's daily rate.

In their opposition, however, Plaintiffs claim that TCYL's July statements induced Ganouna to perform additional services—i.e., to send the photos to Cincoro for use in its July 8th meeting. *See Opp.* 8:18–9:17. But this argument is not logically sound. Nothing in the FAC suggests that TCYL—the only defendant named in the fraud cause of action—induced Ganouna to perform such services. Ganouna chose to send photos to Cincoro on July 5th in "good faith," believing that, because Cincoro requested the photos, the licensing dispute would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

be resolved. *FAC* ¶¶ 28. However, TCYL—the defendant against which Plaintiffs assert this cause of action—repeatedly told Ganouna that Defendants would *not* agree to license her photos, including in messages on July 3rd and July 5th. *FAC* ¶¶ 28, 55.b. Therefore, Plaintiffs could not have relied on any of TCYL's statements when choosing to provide the photos to Cincoro because TCYL unambiguously conveyed that no deal was forthcoming. Accordingly, the Court **GRANTS** TCYL's motion with respect to the alleged July 2019 misrepresentations.[1]

> ii. *Justifiable Reliance on TCYL's Guarantee of Future Benefits in June*

Above, the Court found that TCYL's guarantees during the June negotiations were more than mere predictions of future possibilities, and therefore that the guarantees are actionable as fraud. However, to prevail on a claim for fraud, Plaintiffs must also have justifiably relied on these guarantees. *See Cansino*, 224 Cal. App. 4th at 1469.

TCYL asserts that "Plaintiffs understood beforehand that their services could be terminated at any time and Ganouna's photographs may not be used as had occurred with the prior photographer." *Mot.* 17:13–16. Therefore, TCYL argues that Plaintiffs could not have justifiably relied on its guarantee of future benefits because Ganouna knew that she might fail to impress Cincoro and that Cincoro might decline to license or use her work. *See id.* 13:21–28, 17:17–24. The Court agrees.

"Although the reasonableness of a plaintiff's reliance is usually a question of fact, it 'may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts.'" *Am. Gen. Life Ins. Co. v. Derakhshanfar*, No. CV 12-00164 SJO (PJWx), 2014

---

[1] The FAC also asserts a fraud claim based on TCYL's July 22 representation that it would not use Plaintiffs' photos. *See FAC* ¶ 55.c.

In its motion to dismiss, TCYL argued that Plaintiffs did not take any action in reliance on this misrepresentation. *See Mot.* 16:22–17:4. Plaintiffs did not specifically address the July 22 statement in their opposition, other than in the introduction, when they listed it as an actionable misrepresentation: "Finally, TYCL represented that it would not use Plaintiffs' pictures, but it did." *Opp.* 5:27–28. Therefore, the Court finds that Plaintiffs conceded this argument by failing to meaningfully address it. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

WL 11430929, at *6 (C.D. Cal. June 16, 2014) (quoting *All. Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995)). When considering the reasonableness of a plaintiff's reliance, the analysis "is calibrated to the plaintiff's own intelligence and information" rather than the "minimum knowledge of a hypothetical, reasonable man." *Id.* (quoting *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1189 (C.D. Cal. 2009)). "A plaintiff will only be denied recovery '[i]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable.'" *Id.* (quoting *Rothwell*, 10 Cal. 4th at 1247).

Here, the FAC portrays Ganouna as an accomplished, experienced, professional photographer. *See FAC* ¶¶ 2, 8–10. Moreover, Ganouna knew that Cincoro had fired its previous photographer because it was not satisfied with the photographer's work, *see id.* ¶ 19, and she acknowledges that Cincoro was not obligated to license or use the photos that she took, *see id.* ("Ms. Ganouna also understood that because Cincoro was unhappy with the previous photographer's work, it would have to review and approve [her] photographs before deciding on and negotiating its scope of usage."). Because she knew that Cincoro was not even obligated to license her work for the *current project*, she could not have reasonably believed that she was guaranteed future work with TCYL and Cincoro. *See Am. Gen.*, 2014 WL 11430929, at *6; *Rothwell*, 10 Cal. 4th at 1247. Therefore, Plaintiffs could not have justifiably relied on TCYL's guarantee of future work because they were fully aware of the provisional and contingent nature of their arrangement with Cincoro.

Plaintiffs' citation to *Beckwith v. Dahl*, 205 Cal. App. 4th 1039 (2012), is unavailing. *Beckwith* certainly has some colorful language to describe the justifiable reliance requirement: "[n]o rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool." *Id.* at 1067 (cleaned up) (quoting *Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1667 (2005)). Despite the appeal of such rhetoric, Plaintiffs cannot escape the conclusion that their wholesale acceptance of TCYL's "guarantee" was manifestly unreasonable. *See Am. Gen.*, 2014 WL 11430929, at *6; *Rothwell*, 10 Cal. 4th at 1247. Ganouna—an experienced, professional photographer—could not have reasonably accepted that Cincoro had guaranteed to work with her in the future when she knew that it (1) had fired its previous photographer due to the photographer's performance and (2) had not even guaranteed to use her work from the parties' current project. *See Am. Gen.*, 2014 WL 11430929, at *6; *Rothwell*, 10 Cal. 4th at 1247. Accordingly, the Court **GRANTS** TCYL's motion to dismiss on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

    C.    <u>Fraudulent Concealment</u>

In their opposition, Plaintiffs also claim that they "adequately plead fraud through TCYL's concealment that it had falsely represented to Cincoro that Plaintiffs agreed to a 'full buyout' of [] Ganouna's images." *Opp.* 16:14–16. Essentially, Plaintiffs' argument is that TCYL lied to Cincoro that Plaintiffs had agreed to a full buyout when no such agreement existed, and that TCYL committed fraudulent concealment by failing to disclose this lie to Plaintiffs. *Id.* 17:3–26. The Court disagrees.

First, Plaintiffs cite to various sections of the FAC, none of which assert this theory of recovery. *See Opp.* 17:3–18:1 (citing *FAC* ¶¶ 3, 20, 22, 27, 31). Second, even assuming that Plaintiffs adequately pled this theory, their claim fails.

Fraudulent concealment requires proof of five elements: (1) the defendant concealed or suppressed a material fact, (2) the defendant had a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud, (4) the plaintiff was unaware of the concealed or suppressed fact and would have acted differently if he had known about it, and (5) plaintiff suffered damage from the concealment or suppression of the fact. *Marketing W., Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612–13 (1992).

Here, among other things, Plaintiffs offer no basis for concluding (1) that TCYL's lie to Cincoro qualifies as a fact, (2) that TCYL's lie to Cincoro was material to Plaintiffs, (3) that TCYL lied to Cincoro *before* an agreement was reached with Plaintiffs, or (4) that the concealment caused Plaintiffs any damages because they never accepted the full buyout. Accordingly, to the extent that Plaintiffs could have alleged this claim in the FAC, the Court **DISMISSES** it.

    D.    <u>Leave to Amend</u>

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4070 PSG (GJSx) | Date | October 14, 2020 |
|---|---|---|---|
| Title | Anais Ganouna, et al. v. The Colors You Like, LLC, et al. | | |

    Here, leave to amend is unwarranted. Plaintiffs have already amended once, and the Court finds that a second amendment would be futile because Plaintiffs either (1) did not rely on the alleged misrepresentations in the FAC or (2) could not have justifiably done so. Moreover, Plaintiffs did not and could not plead a fraudulent concealment claim for the reasons discussed above. Accordingly, the Court **DENIES** leave to amend the FAC.

IV.    <u>Conclusion</u>

    For the foregoing reasons, the Court **GRANTS** TCYL's motion to dismiss Plaintiff's second cause of action for fraud without leave to amend.

    **IT IS SO ORDERED.**